Chief Justice Maksiiall
delivered the opinion of the Court.
The declaration in this action of trespass commences as follows: “Kennedy Blankenship, (who sues this action for the benefit of William Hays,) plaintiff, complains of James Cresillas, defendant,” &c., and goes on to state in clear and concise terms that the defendant, with force and'arms took and carried away and converted, &c„ a horse, the property of the plaintiff and in his possession. A demurrer to the declaration was, however, sustained, and no amendment having been made, a judgment was rendered against the plaintiff, for the reversal of which he has brought the case to this Court.
The only objection made to the declaration, and the one on which it is said the demurrer was sustained, is that it states that the plaintiff sues for the benefit of another; and it is argued that a cause of action for a trespass or other tort, not being assignable, it would defeat this rule of law and the policy on which it is founded, to allow such an action to be maintained by *435 one person for the use of another. The common law did not allow any choses in action to be assigned, and the common law Courts, for a long time, refused to recognize any right or interest in the assignee even of choses in action ex contractu. This rigor has, however, been relaxed; and although the assignment of such choses may not vest the legal interest and right of action in the assignee, it is held to invest him with a beneficial interest, which the Courts will protect against the holder of the legal right who must be the plaintiff.
Though many choses in action be not assignable there are many transfers of chases of a particular description, arising ex contractu, which courts of law will notice and protect.
The fact that while choses in action, ex delicto, remain unassignable, many choses in action, ex contractu, and in this State nearly all such, are made or allowed to be assignable, so as to vest the legal title in the assignee, indicates-a distinction in the effect which the general assignability of these different classes of choses in action might have upon the general interest and quiet of the community. And we do not doubt that the Courts are so far bound to a rigid observance of the common law rule, with respect to -causes of action, ex delicto ; and especially to such as arise from forcible injuries, or others for injuries to the rights of persons, as to give no effect what ever to any attempted assignment of them, or to any right claimed by the assignee, whether under an actual assignment or under an agreement in any form, that he shall have the benefit of the action. And even if the existence of such an agreement should be deemed a sufficient ground for defeating the action brought in pursuance of it, we apprehend that the statement in the caption of the declaration, that the plaintiff sues for the benefit of another, should not produce that result. Such a statement gives no right to the alleged usee which he can enforce, or which the Court can regard. It may prove the intention or determination of the plaintiff to make a particular disposition of the fruits of the action. But it does not prove any illegal arrangement, or agreement founded on consideration, by which he has undertaken to sue for the benefit of another, or to let that other su e in his name for his own benefit. It may indicate a merely voluntary *436 disposition of the proceeds of the action, or it may have reference to and have grown out of such a relation of the parties (plaintiff and beneficiary) to the property at the time of the trespass, as entitled the usee to the proceeds of the action, as might be .the case between bailor and bailee. And, therefore, it cannot be assumed upon, demurrer as being sufficient evidence of a sale or illegal agreement for the transfer of the damages to be recovered.
A declaration in trespass in the name of H “who sues for the use and benefit of H,” is demurred to, the demurrer presents no such question of the illegality of the assignment, as authorizes the Court to sustain the demurrer to the declaration, and defeat the action. The words “for the benefit of H,” are mere surplusage.
B sues in trespass for the benefit of H. The fact, if pleaded, that by contract between H & B, H is to have the proceeds of the suit, does not necessarily defeat the right of recovery, tho’ such contract might not be enforeible.
If then a sale or agreement of sale be not only void, b'ut actually illegal, and sufficient if properly presented to defeat the action, we are of opinion that the declaration does not authorize the assumption of such agreement and that it contains no ground for defeating the action. The existence of the supposed illegal agreement, should have been pleaded when its effect upon the action might have been questioned by demurrer, or the allegations of the plea might have been denied or avoided.
We are not, however, to be understood as deciding the question, whether an agreement that a third person should have the proceeds of the suit, would, if properly presented, be fatal to the action. We only decide that that question is not presented in this case by the demurrer to the declaration. We consider the words indicating that the action is brought for the benefit of Hays, as mere surplusage, which might be stricken out without affecting the validity of the declaration or the legal rights of the parties. As they do not prove any illegal agreement, they should, in any view of the law applicable to the transfer of choses in action, have been disregarded on the demurrer. And we are of opinion that an agreement, founded even on a valuable consideration by which a third person is to have the pi’oceeds of an action, ex delicto, would not necessarily be illegal, or have the effect of defeating the action, though -it might not be enforcible.
The judgment is reversed, and the cause remanded, with directions to overrule the demurrer to the declaration and for further proceedings.
J. 4* W. L. Harlan for plaintiff; Burton and S. Wood-son for defendant.